

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2001

# Matthews v. Apfel

Precedential or Non-Precedential:

Docket 00-1151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Matthews v. Apfel" (2001). *2001 Decisions.* Paper 22.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/22

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 8, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1151

SHARON BINGHAM MATTHEWS,
        Appellant

v.

KENNETH S. APFEL, Commissioner of Social Security

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 98-cv-01125)
District Judge: Hon. Louis Charles Bechtle

Argued September 13, 2000

Before: SLOVITER, SCIRICA and ALITO, Cir cuit Judges

(Filed February 8, 2001)

        Kenneth M. Kapner
        Law Offices of Kenneth M. Kapner
        Philadelphia, PA 19107

        Thomas D. Sutton (Argued)
        Leventhal & Sutton
        Langhorne, PA 19047

         Attorneys for Appellant

James A. Winn
 Regional Chief Counsel
David F. Chermol (Argued)
 Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
Philadelphia, PA 19l0l

Michael R. Stiles
 United States Attorney
Joan Garner
 Assistant United States Attorney
Eastern District of Pennsylvania
Philadelphia, PA 19l06

 Attorneys for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Sharon Matthews appeals from the District Court's order affirming the denial by the Commissioner of Social Security of Matthews' application for disability insurance benefits (DIB) under Title II of the Social Security Act.[1] This case raises the important issue of the treatment to be given by the district court of evidence submitted by the claimant for the first time to the Appeals Council, which has then denied review. This is an issue on which the Courts of Appeals are divided. Some courts hold that such evidence should be considered by the district court in its review of the final decision of the Commissioner, see Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994); Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); Nelson v. Sullivan , 966 F.2d 363, 366 (8th Cir. 1992); Wilkins v. Sec'y of DHHS, 953 F.2d 93, 96 (4th Cir. 1991) (en banc), whereas others hold that evidence

_____

1. Matthews also applied for supplemental security income (SSI) under Title XVI of the Social Security Act. Because the relevant regulations and statutory provisions of SSI track those of DIB, we will refer only to the former in the text.

2

not presented to the Administrative Law Judge (ALJ) should not be reviewed by the district court nor be the basis of a remand to the Commissioner unless the evidence is new and material and there is good cause for not having produced the evidence earlier, see Falge v. Apfel, 150 F.3d 1320, 1322–23 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999); Cotton v. Sullivan, 2 F.3d 692, 695–96 (6th Cir. 1993); Eads v. Sec'y of DHHS, 983 F.2d 815, 817–18 (7th Cir. 1993). In this case, the District Court held that a claimant must demonstrate good cause for not having submitted new and material evidence to the ALJ. Appellant argues that the District Court erred as a matter of law in imposing the good cause requirement. The issue is one of first impression for this court.

I.

Matthews applied for disability benefits on October 15, 1992, alleging disability since December 9, 1991. She claimed hearing loss, arthritis, and right foot dr op stemming from an old Achilles tendon ruptur e. Her claim was denied initially and again on reconsideration. Matthews requested a hearing before an ALJ, which was held on September 21, 1994. The ALJ found that Matthews was not disabled and denied her claim. The Appeals Council granted Matthews' request for review. On r eview, it vacated the ALJ's decision and remanded for a new hearing. It directed the ALJ to give further consideration to Matthews' residual functional capacity during the entir e period at issue and to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. at 363.

A different ALJ held a second hearing on July 11, 1996. At this hearing, Matthews testified, inter alia, of pain in her right foot, ankle, and knee, and she submitted medical reports in connection with these impair ments as well as of her hearing loss. Diana Simms, an impartial vocational expert, also testified at the hearing and stated there were a significant number of sedentary and unskilled jobs, such as cashier, that an individual with Matthews' impairments, age, educational background, and employment history could perform. Notably, the ALJ held the record open to

3

allow Matthews to include the final report of her treating physician before issuing the decision.

The ALJ issued a decision on April 21, 1997, concluding that Matthews was not disabled. In the decision, the ALJ noted that none of Matthews' treating and examining physicians opined that she could not perfor m sedentary work. The ALJ found that medical evidence established that the claimant has severe residuals of an injury to her right leg and significant hearing loss, that these impairments do not meet or equal the criteria of the listed impair ments, that Matthews' testimony on the severity of her impairments was not credible inasmuch as she could use public transportation and engage in social activities without much difficulty, that Matthews is unable to per form any of her past relevant work as a teacher's aide or hospital worker, but that although she is unable to perform the full range of sedentary work, there are a significant number of jobs in the national economy that she can per form. The ALJ gave examples of sedentary, unskilled jobs in a low-noise environment that Matthews could per form, including work as a cashier in a small office.

Matthews filed a request for review to the Appeals Council on June 23, 1997. On December 8, 1997, mor e than eight months after the ALJ's decision, Matthews submitted to the Appeals Council a two-page letter and accompanying documents from Richard Baine, a vocational expert, who stated that Matthews lacked the r equisite arithmetic and reading skills to work as a cashier. Baine also stated that Matthews' exertional and nonexertional impairments would preclude her fr om performing any other gainful work activities in the national economy. T r. at 386-87.

On January 7, 1998, the Appeals Council denied Matthews' request for review. The Appeals Council noted that Social Security Administration regulations"provide that where new and material evidence is submitted with the request for review, the entire r ecord will be evaluated and review will be granted where the Appeals Council finds that the Administrative Law Judge's actions, findings, or conclusion is contrary to the weight of the evidence currently of record," App. at 34, citing 20 C.F.R. SS 404.970

4

and 416.1470. The Council's action stated that "the Administrative Law Judge's decision stands as thefinal decision of the Commissioner of Social Security." App. at 34. The Appeals Council then incorporated Baine's r eport into the administrative record.

Matthews filed suit in the United States District Court for the Eastern District of Pennsylvania, r equesting judicial review of the Commissioner's final decision. The parties filed cross-motions for summary judgment. On September 14, 1999, the Magistrate Judge to whom the District Court referred the matter recommended that the Commissioner's motion for summary judgment be granted because the ALJ's decision was supported by substantial evidence. The Magistrate Judge determined that Baine's r eport was new and material but should not be considered on judicial review because Matthews had failed to demonstrate good cause for failing to present the evidence to the ALJ. The District Court agreed that Matthews had not shown good cause for failure to present Baine's r eport to the ALJ, adopted the Magistrate Judge's recommendation, and, following a discursive opinion discussing the evidence and the legal issues, granted summary judgment for the Commissioner.

Matthews appealed to this court. She argues that the District Court erred in refusing to consider new evidence "which was presented to and consider ed by the Commissioner's Appeals Council as part of the administrative record under review" and that the court erred in applying a good cause requir ement "which does not exist in the regulations to new evidence which was submitted to and considered by the Commissioner's Appeals Council, which made it a part of the administrative record under review." Br. of Appellant at 1. Our standard of review over the legal question presented is plenary. See Tubari Ltd., Inc. v. NLRB, 959 F.2d 451, 453 (3d Cir. 1992).

II.

The question of law before us is whether the claimant must demonstrate good cause for failure to pr esent to the ALJ new and material evidence presented for thefirst time

5

to the Appeals Council which, after consideration, denies the review.

The administrative review process is governed by Social Security Administration regulations. If a claimant's disability application is denied, s/he may request a reconsideration by the Social Security Administration. See 20 C.F.R. S 404.900. If the claimant is dissatisfied with the reconsideration determination, s/he may request a hearing before an administrative law judge, where the claimant can present evidence of impairments. See id. If the claimant is dissatisfied with the ALJ's decision, s/he may request the Appeals Council to review the decision. See id. The regulations permit the claimant to submit to the Appeals Council "new and material" evidence that relates to the period on or before the date of the ALJ's hearing decision. See 20 C.F.R. S 404.970(b).2 The Appeals Council then must "evaluate the entire record including the new and material evidence submitted." Id. However, the submission of the new and material evidence does not require the Appeals Council to grant review. On the contrary, the regulations provide that the Appeals Council will grant review only if it finds that the ALJ's decision "is contrary to the weight of the evidence currently of record." Id.

Unlike the administrative process, which is governed by the regulations, the standards for judicial review are governed by the Social Security Act. A claimant who was unsuccessful in the administrative process may seek judicial review once there is a final decision by the

_____

2. The applicable subsection of the regulation provides in full:

    (b) If new and material evidence is submitted, the Appeals Council
    shall consider the additional evidence only where it relates to
the
    period on or before the date of the administrative law judge
hearing
    decision. The Appeals Council shall evaluate the entire record
    including the new and material evidence submitted if it relates to
    the period on or before the date of the administrative law judge
    hearing decision. It will then review the case if it finds that the
    administrative law judge's action, findings, or conclusion is
contrary
    to the weight of the evidence currently of record.

20 C.F.R. S 404.970(b). The applicable section of the SSI regulation is substantially the same. See 20 C.F.R.S 416.1470(b).

6

Commissioner of Social Security. See 42 U.S.C. S 405(g); see also Mathews v. Eldridge, 424 U.S. 319, 328 (1976). If the Appeals Council denies the request for r eview, the ALJ's decision is the Commissioner's final decision. See Sims v. Apfel, 530 U.S. 103, 120 S. Ct. 2080, 2083 (2000).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.S 405(g) (emphasis added). Sentence Four of S 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affir ming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. (emphasis added).

If the claimant proffers evidence in the district court that was not previously presented to the ALJ, then the district court may remand to the Commissioner but that disposition is governed by Sentence Six ofS 405(g). That sentence provides,

> The court may, on motion of the Commissioner of Social Security made for good cause shown befor e the Commissioner files the Commissioner's answer , remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time or der additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so or dered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shallfile with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affir ming was based.

Id. (emphasis added). Thus, we have r ecognized that evidence first presented to the district court must not only

7

be new and material but also be supported by a demonstration by claimant of "good cause for not having incorporated the new evidence into the administrative record." Szubak v. Sec'y of HHS, 745 F.2d 831, 833 (3d Cir. 1984).

To summarize the options open to the district court, when the Appeals Council has denied review the district court may affirm, modify, or reverse the Commissioner's decision, with or without a remand based on the record that was made before the ALJ (Sentence Four r eview). However, when the claimant seeks to r ely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ (Sentence Six review). See Keeton v. DHHS, 21 F.3d 1064, 1067 (11th Cir. 1994); Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985).

Other courts of appeals agree with our analysis of the appropriate treatment on judicial r eview of evidence that was not presented to the ALJ. The fullest discussion of this issue appears in the Seventh Circuit's decision in Eads, where the court explained that although evidence considered by the Appeals Council is part of the administrative record on appeal, it cannot be considered by the District Court in making its substantial evidence review once the Appeals Council has denied review. As the Eads court stated,

> It might seem . . . that the district judge and we would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the recor d as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it, which then becomes the decision reviewed in the courts. It is wrong when the Council has refused to r eview the case. For then the decision reviewed in the courts is the decision of the administrative law judge. The correctness of that decision depends on the evidence that was before him. He cannot be faulted for having failed to weigh evidence never presented to him. . . .

8

Eads, 983 F.2d at 817 (citations omitted).

The Eads decision was followed by the Eleventh Circuit's decision in Falge, 150 F.3d at 1323 ("when the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in deter mining whether the ALJ's decision is supported by substantial evidence."). It was also followed by the Sixth Circuit in Cotton, 2 F.3d at 692, a case that was in a different posture than the usual appeal by a claimant from the affirmance of the denial of disability benefits. Cotton was an appeal by the Secretary from the district court's r eversal of the denial of benefits and direction that Cotton be awar ded benefits. The district court had based its judgment on new evidence that Cotton had presented to the Appeals Council, which denied review. In reversing the district court, the Sixth Circuit, following Eads, concluded"that the district court improperly considered Cotton's new evidence because the claimant failed to demonstrate good cause justifying a remand for administrative consideration of the new evidence." Cotton, 2 F.3d at 696.

We are not persuaded by the courts of appeals that hold to the contrary. Thus, for example, the Second Cir cuit in Perez held that evidence first pr esented to the Appeals Council is part of the administrative recor d to be considered by the district court on judicial r eview even though the Appeals Council denied review. 77 F .3d at 45. The decision in Perez and that on which it relies, the Tenth Circuit's decision in O'Dell, ar e based on the regulation that requires the Appeals Council to "evaluate the entire record including the new and material evidence submitted" in determining whether to review the case. 20 C.F.R. S 404.970(b). These decisions opine that the purpose of this regulation would be undermined if the new evidence submitted to the Appeals Council was ignored by the district court. See, e.g., Perez , 77 F.3d at 45.

We believe the purpose of that regulation is to give the claimant an opportunity to present additional evidence, if it is new and material, for consideration by the Appeals Council in deciding whether to grant review of the ALJ's decision. This is consistent with the policy of giving the claimant ample opportunity to prove his or her disability.

9

Counsel for the Social Security Administration advised us at oral argument that the Appeals Council grants review and remands approximately 25% of its cases to the ALJ, thereby using the new and material evidence on claimants' behalf.

However, it is the Social Security Act and not the regulations that governs the standar ds for judicial review. We have previously held that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence. See Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir . 1991) (citing United States v. Carlo Bianchi & Co., 373 U.S. 709 (1963)). No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review. No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ. Instead, the Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.

To construe the statute otherwise, as Matthews would do, would be to set up a conflict between the r egulations and the statute on whether good cause need be shown. Matthews seeks to support her position by noting that there is no requirement in the regulations that the claimant must show good cause to the Appeals Council befor e it can consider the new and material evidence. However , the regulation only concerns the recor d for purposes of administrative decisionmaking, i.e., what the Appeals Council may consider. For purposes of judicial review, the "record" is "the evidence upon which the findings and decision complained of are based." 42 U.S.C.S 405(g) (Sentence Three). That is the information that was before the ALJ, the final administrative decisionmaker when the Appeals Council denies review. The new and material evidence is transmitted with the record so that the district court will have before it the evidence that will be the subject of the remand if the claimant can show good cause why such new and material evidence was not submitted to the ALJ.

Our holding is consistent with this court's prior opinions. In Szubak, the claimant argued that she was entitled to a remand for further consideration in light offive medical reports compiled after the Secretary's determination that claimant submitted for the first time to the district court. We held that a claimant must satisfy all thr ee requirements of Sentence Six (new, material and good cause) in or der to justify a remand. See Szubak, 745 F .2d at 833. Szubak was entitled to a remand because she had shown good cause.3 Significantly, we did not direct the district court to consider the effect of the new evidence on the substantiality of the evidence previously presented to the ALJ. Instead, we directed remand for such a determination to be made by the forum which is entrusted by the statutory scheme for determining disability vel non. In our subsequent opinion in Jones, we made this explicit when we stated that evidence not presented to the ALJ "cannot be used to argue the ALJ's decision was not supported by substantial evidence." 954 F.2d at 128 (quotation omitted).

Our holding is also in accord with sound public policy. We should encourage disability claimants to present to the ALJ all relevant evidence concerning the claimant's impairments. If we were to order r emand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand. See Szubak, 745 F.2d at 834 ("A claimant might be tempted to withhold medical reports, or refrain from introducing all r elevant evidence, with the idea of obtaining another bite of the apple if the Secretary decides that the claimant is not disabled.") (quotation

_____

3. Both parties refer to our subsequent decision in Frankenfield v. Bowen, 861 F.2d 405 (3d Cir. 1988), a decision that adds little to the issue under consideration here. There, we remanded the case to the Secretary because the ALJ's decision rejecting disability was not supported by the medical evidence. We held it was impermissible for the ALJ to ignore without explanation the physician's reports and instead base the decision solely on the ALJ's "observation of the claimant at the hearing." Id. at 408. In the course of our opinion, we referred to a subsequent supporting physician's report pr esented to the Appeals Council and we cited Szubak but we did not discuss the good cause requirement.

11

omitted); Wilkins, 953 F.2d at 97 (Chapman, J., dissenting) ("By allowing the proceedings to be r eopened and remanded for additional evidence, . . . the majority is encouraging attorneys to hold back evidence and then seek remand for consideration of evidence that was available at the time of the ALJ hearing."). Instead, we believe that it is a much sounder policy to require claimants to pr esent all material evidence to the ALJ and prohibit judicial r eview of new evidence unless there is good reason for not having brought it before the ALJ. Such a holding is instrumental to the speedy and orderly disposition of Social Security claims.

III.

The procedure followed by the District Court in this case was consistent with the framework outlined above. The Magistrate Judge declined to review or r emand for consideration of the additional evidence that Matthews had submitted to the Appeals Council because the Magistrate Judge concluded that Matthews had failed to show good cause for not presenting the evidence to the ALJ. Although the Magistrate Judge believed that the evaluation pr epared by Baine was new and material evidence, an issue not reached by the District Court, the Magistrate Judge noted that Matthews had not explained why she did not attempt to obtain Baine's evaluation at a time when it could be considered by the ALJ. The District Court agr eed that the claimant had the burden of showing good cause and failed to satisfy it, thereby adopting the Magistrate Judge's report.4

Matthews argues that she did not realize the importance of obtaining a vocational evaluation of her arithmetic skills early in the proceedings. But Matthews should have known that her ability to work was an issue at the ALJ hearing that was held after remand by the Appeals Council. Indeed, a vocational expert had testified on July 11, 1996 (at the second ALJ hearing) that Matthews could perfor m cashier

_____

4. Matthews argues in passing that once the Appeals Council reviewed the evidence, it was introduced into the r ecord in a prior proceeding and she has automatically satisfied the good cause r equirement. There is no precedent to support such an interpretation of the statutory language and we reject it as implausible.

12

and similar types of jobs. Tr. at 169–79. By then, it should have been clear to Matthews that her arithmetic and reading skills were relevant. The ALJ even kept the administrative record open in order to allow Matthews to submit additional evidence. Yet Matthews did not submit Baine's report until more than eight months after the ALJ's adverse decision. Therefore, we agr ee with the District Court that Matthews has not shown any good cause why she did not obtain this evidence for the ALJ pr oceeding.

In the case before us, the Magistrate Judge r eviewed the evidence that was before the ALJ and deter mined that there was substantial evidence to support the Commissioner's decision based on the record befor e it. The District Court agreed. Matthews has not put into issue the substantiality of the evidence before the ALJ,5 and we have no basis to disagree with the District Court's conclusion that the ALJ's decision was supported by substantial evidence on the record.

IV.

For the reasons set forth, we will affir m the order of the District Court granting summary judgment for the Commissioner.

A True Copy:
Teste:

     Clerk of the United States Court of Appeals
     for the Third Circuit
_____

5. We will not consider the substantiality of the evidence before the ALJ, although Matthews, at the conclusion of her brief, r equests that we reverse the decision of the District Court with directions to award her the disability benefits she was denied. Our rules make clear that an appellant is limited to the issues listed in the statement of issues, see Fed. R. App. P. 28(a)(5); L.A.R. 28(1)(a), and this issue is not so included.