

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# Olivares v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3596

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Olivares v. Comm Social Security" (2004). *2004 Decisions.* Paper 866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3596

JUAN OLIVARES,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable William G. Bassler
(D.C. No. 02-cv-00486)

_____

Submitted pursuant to Third Circuit LAR 34.1
March 23, 2004

Before: FUENTES, SMITH and GIBSON,[*] *Circuit Judges*

(Filed:     April 6, 2004          )

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

Juan Olivares appeals from a judgment of the District Court affirming the

---

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits under the Social Security Act. The District Court had jurisdiction under 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

In determining whether a claimant is disabled, the Commissioner must follow the familiar five step sequential analysis set forth in the regulations promulgated by the Social Security Administration. *See* 20 C.F.R. §§ 404.1520, 416.920. Olivares contends that the Administrative Law Judge ("ALJ") erred at the third and fifth step of this analysis. With respect to step three, Olivares argues that the ALJ failed to adequately explain why Olivares's medical condition did not satisfy any of the impairments listed in Appendix 1 to the Social Security regulations, thereby establishing that he was disabled *per se*. *See* 20 C.F.R. § 404.1520(d). Olivares also takes issue with the ALJ's determination at step five that Olivares had the residual functional capacity to perform the full range of sedentary work. This determination, according to Olivares, is not supported by substantial evidence, because the ALJ failed to properly consider the judgment of his

medical expert, Dr. Mylod, an orthopedic surgeon.

Olivares's argument with respect to step three of the sequential analysis is frivolous. Dr. Mylod, plaintiff's own medical expert, testified before the ALJ that Olivares's medical condition did not meet or equal the listing for either spinal disorders or several other musculoskeletal maladies. This aspect of Dr. Mylod's testimony was specifically cited by the ALJ. Accordingly, there is substantial evidence to support the ALJ's determination at step three that Olivares did not have a listed impairment.

As to Olivares's contention that the ALJ failed to accord sufficient weight to the opinion of Dr. Mylod, we find it unpersuasive. Dr. Mylod, as the ALJ noted in his decision, testified at the June 1999 hearing regarding Olivares's residual functional capacity, explaining that Olivares had initially injured his back in the latter part of 1997. Diagnostic studies revealed a herniated lumbar disc and Olivares was treated on two occasions with an epidural injection containing a steroid. As a consequence of the steroid medication, Olivares developed a rare pulmonary fungal infection called aspergillosis. Although treatment during the first few months of 1998 with the medication Amphotericin B was successful, Olivares developed joint pains. Dr. Mylod acknowledged that Olivares's physicians "were puzzled as to why he had persistent joint pains" once the course of Amphotericin was completed. Subsequent diagnostic testing did not reveal any specific medical condition causing the joint pain. Indeed, a bone scan conducted in July 1998 was unremarkable.

After reviewing Olivares's medical status, Dr. Mylod opined that Olivares was limited to standing for "maybe two out of eight hours" and no more than twenty to thirty minutes at a time. Walking was also limited, because of knee and hip pain, to one to one-and-a-half blocks. Sitting was restricted, in Dr. Mylod's opinion, to no more than four hours in an eight hour day and no more than thirty minutes at a time. A five pound weight limit was warranted for lifting and carrying.

The ALJ accorded little weight to Dr. Mylod's restrictive assessment of Olivares's residual functional capacity. He noted that Dr. Mylod was frequently used by claimants in disability cases and was being paid to testify in that proceeding, thereby creating an inherent bias. Because Dr. Mylod had neither treated nor examined Olivares, the ALJ explained that the weight to be accorded Dr. Mylod's opinion was dependent on the amount of supporting evidence in the record. In the ALJ's view, the record did not support Dr. Mylod's opinion which was "based to a significant degree on the ongoing subjective complaints of joint pain."

We find no error by the ALJ in discounting Dr. Mylod's opinion. It was based predominantly on Olivares's subjective complaints of persistent joint pain. The record fails to demonstrate that Olivares's pain limited him as severely as Dr. Mylod opined. As the ALJ noted, Dr. Lichtbroun, Olivares's treating physician, documented in August 1998 that despite joint pains, Olivares had full range of motion and was capable of compressing twenty pounds. Notably, the reports of several consultative physicians who examined

4

Olivares in August, September and December of 1998 documented complaints of only back pain. In the absence of medical evidence to support Olivares's contention that he continued to suffer from debilitating joint pains in the latter part of 1998, it was not improper for the ALJ to discount Dr. Mylod's subsequent opinion that Olivares's physical capabilities were severely restricted.

Olivares asserts that the ALJ rejected Dr. Mylod's opinion simply because Dr. Mylod was a paid medical expert. Yet that assertion simply ignores the medical evidence of record. Although the ALJ's observations that Dr. Mylod was frequently used by claimants and that he was being paid to testify in this proceeding may have been an inartful way of explaining one of the bases for discounting Dr. Mylod's opinion, they did provide an appropriate basis for classifying Dr. Mylod's opinion as that of a "non-examining source" under 20 C.F.R. § 404.1527.

In sum, we conclude that there was substantial evidence to support the ALJ's decision that Olivares was not disabled.[1] We will affirm the judgment of the District Court.

_____

[1]As support for his contention that the ALJ erred, Olivares submits that he subsequently applied for disability benefits and was found to be disabled. We made explicit in *Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991), that evidence which was not before the ALJ "cannot be used to argue the ALJ's decision was not supported by substantial evidence." Accordingly, the fact that Olivares subsequently received disability benefits is of no consequence to our analysis of whether the ALJ erred in the case *sub judice*. *See also Matthews v. Apfel*, 239 F.3d 589, 594-95 (3d Cir. 2001).