Jennifer S. EMERY, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. Civ.A.04–4299.

United States District Court, E.D. Pennsylvania.

Feb. 16, 2005.

Jerry R. Knafo, Knafo Law Offices, Allentown, PA, for Plaintiff.

Eda Giusti, Social Security Administration, Philadelphia, PA, for Defendant.

## MEMORANDUM & ORDER

KATZ, District Judge.

Plaintiff Jennifer Emery brings suit against Jo Anne B. Barnhart, in her capacity as Commissioner of the Social Security Administration, seeking review of an administrative denial of disability benefits. Plaintiff argues that the denial issued by an Administrative Law Judge ("ALJ") was not supported by substantial evidence and therefore should be reversed. Now before the court are the parties's cross-motions for summary judgment. This court has jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). For the reasons set forth below, both Plaintiff's and Defendant's motions are **DENIED** and the case is **REMANDED** to the Commissioner for consideration of new evidence as discussed below.

### A. Factual Background

On February 24, 2003, Plaintiff was involved in an automobile accident in which she sustained a broken neck, skull fracture, right collapsed lung, cauterized spleen, torn knee ligaments and lacerated liver, as well as broken femurs and fractured clavicle, arm, knee, foot and ribs. Following the accident, Plaintiff continued to suffer from neck, back, hip, knee and foot pain. She was hospitalized from February 24, 2003 to March 19, 2003. During that time she underwent four surgeries to treat injuries to her liver, spleen, legs, left arm and neck.

On March 19, 2003, Plaintiff was discharged to a rehabilitation hospital, where she was subsequently diagnosed with post-traumatic stress disorder, post-concussive syndrome and short-term memory loss. She continued to undergo physical therapy three times a week through June, 2004 and took many medications, including Robaxin, Synthroid, Lexapro, Vioxx, Klonopin,

Coumadin and Percocet, which made her drowsy.

## B. Procedural History

On May 19, 2003, Plaintiff filed an application for disability and insurance benefits, alleging disability as of February 24, 2003. A hearing was held on December 10, 2003, at which Plaintiff waived her right to counsel and represented herself. Plaintiff's mother attended the hearing, as did a qualified vocational expert (at the request of Defendant). At the time of the hearing, Plaintiff was a 32–year–old college graduate, five feet and four inches tall and 173 pounds.

On February 25, 2004, an ALJ ruled that Plaintiff did not establish that she suffered a disability under the Social Security Act, Sections 216(I) and 223. Plaintiff filed a request for Review of Hearing on March 27, 2004. On July 21, 2004, an Administrative Appeals Judge affirmed the ALJ's decision.

## C. Discussion

In reviewing an administrative decision denying benefits in a social security matter, the court must uphold any factual determination made by the ALJ supported by "substantial evidence." 42 U.S.C. § 405(g). While substantial evidence is not a "large or significant amount of evidence," it is "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted); *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations and quotations omitted). Rather, it is such relevant evidence that would be sufficient to support a reasonable conclusion. *Pierce,* 487 U.S. at 565, 108 S.Ct. 2541. However, this court retains the right to scrutinize the entire record in considering whether the Commissioner's decision was in fact supported by such substantial evidence. *Smith v.*

*Califano,* 637 F.2d 968, 970 (3d Cir.1981) (citations omitted).

According to C.F.R. §§ 404.1520(e), 416.920(e), the ALJ must perform a five step analysis in reviewing applications for disability benefits under the Social Security Act. The steps are, in short, (1) whether claimant is engaged in a substantial gainful activity; (2) if not, whether the claimant suffers from a "severe impairment;" (3) if so, whether that impairment is one of those listed in the relevant regulatory appendix; (4) if not, whether the impaired claimant retains the residual functional capacity to return to perform her past relevant work; and (5) if not, whether there is other work that the impaired claimant can do, taking into account her capacity, age, available jobs, and work experience. *See Plummer v. Apfel,* 186 F.3d 422, 428 (3d Cir.1999).

The ALJ found that Plaintiff was not engaged in substantial gainful activity since the alleged onset date of disability, thus resolving step one in Plaintiff's favor. As to the second step, an applicant for disability benefits must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To meet this definition, an individual must have a "severe" impairment that significantly limits her physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). The ALJ determined that Plaintiff's combined impairments rendered her unable to perform some work-related activities and were therefore "severe," resolving step two of the analysis in Plaintiff's favor.

The third step asks whether Plaintiff's combined impairments of are sufficient se-

verity to match any of the relevant impairments contained in Appendix 1 to Subpart P of Social Security Regulations No. 4. The ALJ held that medical evidence in this case did not meet the listing severity requirements. While the ALJ found that Plaintiff was totally incapacitated for a period of time, he determined that she had recovered and the period of time that was incapacitated did not meet the 12–month durational requirement of the Act.

Given this determination, the ALJ then considered step four: whether Plaintiff could return to her past relevant work. He decided that she could in part, citing a vocational expert's trial testimony. While Plaintiff would be unable to return to bartending or nanny positions, which require bending and lifting more than 10 pounds, the vocational expert found that she could return to her work as a Title Processor, which is unskilled, sedentary work.

The ALJ continued on to step five of the evaluation, and found that even if Plaintiff did not return to her prior work as a Title Processor, she could find other unskilled sedentary work in significant numbers in the regional and national economies, such as cashier and order clerk positions. On these grounds, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act, and denied her benefits.

■ The ALJ must take into consideration all impairments in combination, when determining whether they equal a listing. *Watson v. Massanari*, 2001 WL 1160036 (E.D.Pa.2001). An impairment is defined as severe when it significantly limits one's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling. 20 C.F.R. § 416.921(b)(1).

### 1. Treating counselor and physician reports

■ In concluding that Plaintiff did not suffer from impairments of listing severity for 12 months and thus was able to return to work, the ALJ failed to give sufficient weight to the reports of Plaintiff's treating counselor and physician. "Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Plummer v. Apfel*, 186 F.3d at 429 (citation, punctuation omitted).

The ALJ disregarded Plaintiff's mental health problems, merely noting in his opinion that Dana Green, a licensed professional counselor, stated in a December 12, 2003 report that she has been treating the claimant for Post Traumatic Stress Disorder (PTSD) since October 2003 and recommended neuropsychological testing. Tr. 18.[1] In fact, Ms. Green represented in a later report that Plaintiff was unable to perform substantial gainful employment of any kind from February 24, 2003 to February 24, 2004. Tr. 494. She stated that if Plaintiff were to return to work she risked injury or other health hazards from PTSD symptoms as well as anxiety. Plaintiff and her mother both testified to Plaintiff's continuing short-memory loss problems.

As for Plaintiff's physical injuries, Dr. Wayne Dubov stated in a March 18, 2004 report that Plaintiff's physical injuries left her unable to perform substantial gainful employment of any kind from February 24, 2003 to February 24, 2004. Tr. 495. Having treated Plaintiff over the course of the year since her accident, he further stated that she risked injury or other health hazards if she were required to work during that time period, and as a

---

1. "Tr." refers to the administrative transcript.

result was sufficiently disabled to be entitled to Social Security Benefits.

■ The ALJ's decision was issued on February 25, 2004; Dr. Dubov's report was issued March 11, 2004 and Ms. Green's report was undated.[2] Defendant argues that Dr. Dubov's and Ms. Green's reports may not be considered by this court because they were submitted only on appeal, after the ALJ's decision was issued. An ALJ's decision can only be reviewed by a court based on the evidence that was before the ALJ at the time he or she made his or her decision. *Matthews v. Apfel,* 239 F.3d 589, 593 (3d Cir.2001). However, when a "claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner" if the evidence is "new and material and if there was good cause why it was not previously presented to the ALJ." *Id.*

Dr. Dubov's and Ms. Green's assessment that Plaintiff could not return to work from February 24, 2003 to February 24, 2004 resulted from their ongoing treatment of Plaintiff. The reports were necessarily new because of the nature of this continuing evaluation. The determination of benefits depended on Plaintiff's condition after 12 months, and Dr. Dubov and Ms. Green had not previously indicated that Plaintiff was non-disabled. In a January 6, 2004 letter submitted to the ALJ, Dr. Dubov stated that while he "believe[d] that she will return to the work force in the future," Plaintiff's "application for social security disability would be appropriate at this time." Dr. Dubov further stated that he would see Plaintiff again in two months. The reports were material in that it reflected continued monitoring of Plaintiff's condition, which at no point in

the 12–month period at issue reached the point of non-disability.

For the same reason, there was good cause for Plaintiff's delay in producing the Report and the Letter. Dr. Dubov and Ms. Green could not render an opinion as to whether Plaintiff had been disabled for the 12–month period required for disability benefits without assessing Plaintiff at the *close* of those 12 months. To have drawn any final conclusions prior to that date would have been irresponsible. Dr. Dubov indicated in an earlier letter on January 6, 2004 that Plaintiff was improving and he hoped that she would be able to return to the work force, although she would not be able to perform the duties of the jobs she held prior to her injuries. Tr. 489. As Dr. Dubov's later report acknowledges, however, Plaintiff did not recover sufficiently to return to the workforce due to continued pain and immobility. The ALJ filed his decision one year and one day after Plaintiff's vehicular accident, based on a hearing that occurred fewer than 10 months after that accident. Dr. Dubov's and Ms. Green's reports are important for gaining a full picture of Plaintiff's condition and abilities as of February 24, 2004 and should be reviewed by the Commissioner.

### 2. Vocational expert testimony

■ In concluding that Plaintiff was able to return to work based on vocational expert testimony, the ALJ failed to consider adequately Plaintiff's individual physical and mental conditions. The Third Circuit has held that the ALJ "must give some indication of the evidence which he rejects and his reasons for discounting such evidence." *Burnett v. Commissioner of Social Security,* 220 F.3d 112, 119 (3d Cir.

---

**2.** Ms. Green's representation is contained in an undated report submitted on appeal. Although the letter is undated, the court will assume it was written after the ALJ's decision since it was submitted only afterwards.

2000). *See also Schaudeck v. Commissioner of Social Security,* 181 F.3d 429, 433 (3d Cir.1999). Here the ALJ rejected Plaintiff's subjective testimony and justified doing so based on the vocational expert's testimony. The ALJ asked the vocational expert whether an individual of the age and education of the claimant, with the residual capacity to lift no more than 10 pounds, stand or walk for two hours and sit for six hours, could return to her past relevant work. The vocational expert indicated that such a individual could do so.

 However, the ALJ failed to include Plaintiff's functional physical and mental limitations in posing his question to the expert. An expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the questions accurately portray the claimant's individual physical and mental impairments. *Podedworny v. Harris,* 745 F.2d 210, 217–18 (3d Cir.1984). Here the ALJ omitted Plaintiff's ongoing medical treatment, PTSD, post-concussive syndrom, short-term memory loss and various medications in the hypothetical scenario he posed to the expert.

Upon review of the medical opinions and the testimony reproduced in the record, this court finds Dr. Dubov's Report and Ms. Green's letter to be new evidence that requires review by the Commissioner in conjunction with the other medical opinions and testimony reproduced in the record. This case is therefore remanded for reconsideration based on this new evidence.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of February, 2005, upon consideration of the parties' cross-motions for summary judgment, it is hereby **ORDERED** that the motions are **DENIED**. The case is **REMANDED** to the Commissioner for reconsideration based on new evidence.