**Vicki L. GEHRON, Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security; Social Security Administration.**

**No. 08–4894.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 8, 2009.

Filed: Sept. 14, 2009.

Michael K. English, Esq., Dillon, McCandless, King, Coulter & Graham, Christine M. Nebel, Esq., Butler, PA, for Appellant.

Mark E. Morrison, Esq., Office of United States Attorney, Harrisburg, PA, Sandra G. Romagnole, Esq., Social Security Administration, Philadelphia, PA, for Appellee.

Before: SCIRICA, Chief Judge, RENDELL and ALDISERT, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Vicki Gehron appeals the order of the District Court affirming the Administrative Law Judge's ("ALJ") denial of her application for disability benefits under 42 U.S.C. §§ 1318–1383.[1] Gehron suffers

---

1. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). Our jurisdiction is proper under 28 U.S.C. § 1291. We review an ALJ's findings of fact for substantial evidence. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999); *see* 42 U.S.C. § 405(g).

from migraine headaches, degenerative disc disease of the cervical spine, and fibromyalgia/myofascial pain; her migraine headaches have progressively worsened over the past few years.

As noted by the District Court, most of the medical evidence in the record relates to Gehron's condition after December 31, 2002, her last insured date and the relevant date for purposes of disability. The only evidence provided to us that speaks directly to her disability as of that date is a report prepared by Gehron's treating physician, Dr. Bryan O'Neill, in January 2007—*after* the date of Gehron's hearing before the ALJ. It was not part of the record before the ALJ, and Gehron has not established good cause for her tardy submission of the report, which could have been prepared prior to the hearing. Accordingly, that report is not properly before us and should not have been considered by the District Court. *See Matthews v. Apfel,* 239 F.3d 589, 594–95 (3d Cir.2001) (deeming inadmissable a report submitted after the date of the hearing before the ALJ, where the claimant failed to demonstrate that timely submission of the report would have been impossible).

We have carefully reviewed the complete administrative record and the arguments and authorities presented by the parties. We conclude that substantial evidence supports the ALJ's determination that Gehron was not disabled on or before December 31, 2002. Therefore, we will AFFIRM the order of the District Court.