OPINION
SLOVITER, Circuit Judge.
I.
Peggy J. Morrison appeals from the District Court’s order affirming the denial by the Administrative Law Judge (“ALJ”) of Morrison’s application for Social Security Disability benefits.
II.
Judicial review is limited to determining whether there was substantial evidence to support the Commissioner’s decision. 42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir.2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999)). Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Pierce v. Underwood, 487 U.S. 552, 564-65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). If the Commissioner’s findings of fact are supported by substantial evidence, such *601 findings are binding. Knepp, 204 F.3d at 83.[1]
Because we write primarily for the parties, who are aware of the relevant facts, we discuss them only briefly. Morrison, who was forty-seven years old with a 12th grade education at the time of her application for disability benefits, is considered a “younger person” under the Social Security Administration (“SSA”) regulations. 20 C.F.R. § 404.1563(c). Her prior experience included work in food service, as a cashier, machine fastener, and hand packager. She was last employed on February 14, 2006, as a machine operator at a printing company.
She initially filed her SSA application with an onset date of February 15, 2006 but amended that to October 31, 2005, because of an unsuccessful work attempt in the interim. Morrison’s disability claim is directed primarily to her claim of back impairment which she contends meets or equals § 1.04 of the List of Impairments. If she were correct, it would qualify as a severe impairment.
Morrison first contends that the ALJ erred in failing to find that she had an impairment severe enough to meet the requirements of § 1.04C of the SSA’s Listing Impairments. Section 1.04C requires a documented diagnosis of lumbar spinal stenosis that results in an inability to ambulate effectively. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04C. Although the medical documentation shows that Morrison was diagnosed with lumbar spinal stenosis, the ALJ concluded that the impairment did not result in her inability to ambulate effectively, as defined by the regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00B2b(2).
The pertinent evaluation shows that Morrison had a negative straight leg-raising test, normal strength in lower extremities, and a normal range of motion. These observances are further supported by the notes made by Dr. Balint Balog stating that Morrison walked without an assistive device and could “heel walk and toe walk.” Tr. at 135. Dr. Balog also observed that Morrison had a negative straight leg-raising test, no atrophy in her lower extremities, no restricted hip rotation and no true neural impingement. Moreover, Dr. Barry B. Moore, Morrison’s treating physician, noted that Morrison had no weakness in walking. Thus, there was substantial medical evidence to support the ALJ’s finding that Morrison did not meet the requirements of § 1.04C.
Morrison next challenges the ALJ’s finding that her urinary incontinence was not a severe impairment because it did not significantly limit her from doing basic work activity. Morrison correctly argues that an impairment which precludes return to past relevant work is a severe impairment. See 20 C.F.R. § 404.1520(b)(c). However, the evidence shows that Morrison’s incontinence goes back to 2003, at a time when she was still performing past work. Moreover, no evidence exists to suggest that Morrison sought a medical evaluation from a urologist, even though she claimed she would do so. Also, in neither her testimony nor her application did Morrison describe any significant functional limitations due to incontinence, and she provided no evidence that this condition significantly limited her performance of basic activities. On appeal, Morrison contends that she requires close proximity to a bathroom yet she never produced any documentation verifying this. The burden of proof lies with Morrison at this step of *602 the evaluation process, 20 C.F.R. § 404.1520(c), and her failure to provide documentation is thus fatal to her claim regarding urinary incontinence.
Third, Morrison argues that the ALJ erred in finding that she could perform a limited range of light or sedentary work. As she points out, the ALJ so found even though Dr. Moore limited her daily work activity to four hours a day, a limitation that would preclude her from substantial gainful activity. This was not error, however, because the reason for the ALJ’s failure to consider such evidence was that it came in the form of a letter from Dr. Moore written on June 20, 2007—almost two weeks after the ALJ had issued her final decision. Evidence that was not before the ALJ cannot be used to argue that the ALJ’s decision was not supported by substantial evidence. Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir.1991). Furthermore, for the additional evidence to be considered after the hearing, it must satisfy 42 U.S.C. § 405(g), which requires Morrison to show that the evidence is new, material, and that there was good cause for failing to provide it prior to the ALJ hearing. Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir.2001). Morrison has failed to show how Dr. Moore’s letter met these requirements.
Next, Morrison contends that the ALJ erred in two ways. First, by substituting her medical opinion for that of the treating physician, Dr. Moore, and, second, by accepting the opinion of Dr. Balog over that of Dr. Moore. However, the ALJ did not substitute her medical opinion for that of Dr. Moore. Instead, the ALJ simply made observations regarding the time of total incapacity after the surgery based on the entire medical record and Morrison’s testimony of her pain and limitations. Moreover, Morrison misinterprets Dr. Moore’s estimate that she would need approximately two years to recover neurological function to mean that she would be completely disabled and unable to work for that duration. The ALJ evaluated the post-surgical notes of Dr. Moore against Morrison’s complaint and considered the lack of additional diagnostic studies in concluding that Morrison was only incapacitated for about six weeks after surgery. Rather than being a substitution of the ALJ’s medical opinion, this is a finding that was supported by the weight of the evidence.'
Furthermore, we reject Morrison’s contention that the ALJ erred by accepting Dr. Balog’s assessment over that of her treating physician. The ALJ may consider the opinion of a source who has examined the claimant, and give more weight to a medical opinion that is supported by relevant evidence, such as medical signs or laboratory findings. 20 C.F.R. § 404.1527(d)(1), (d)(3). Nothing in the record, moreover, shows that the ALJ afforded more weight to Dr. Balog’s opinion or used it to discount Dr. Moore’s opinion. Accordingly, the ALJ properly considered all medical documentation, including Dr. Balog’s opinion, that was supported by medical evidence.
Finally, Morrison contends that the ALJ erred in failing to find her testimony credible in relating her limitations both before and after the surgery. The ALJ may not find an individual disabled based solely on his or her subjective complaints alone. 20 C.F.R. § 404.1529(a). Rather, those complaints must be supported by medical documentation to show that the individual has an impairment that could reasonably produce the alleged pain or symptoms. Id. The documentation that Dr. Moore provided, however, showed that Morrison did not have a nerve impingement or other source for the numbness in her toes and that she was able to walk without weakness. In light of the medical record, the ALJ did *603 not err by determining that the evidence did not support Morrison’s testimony.
III.
After reviewing the record, we conclude that the District Court did not err in holding that the decision of the ALJ was supported by substantial evidence. We will therefore affirm the decision of the District Court.

. We have jurisdiction pursuant to 28 U.S.C. § 1291, from the final order issued by the District Court. The District Court had jurisdiction based on 42 U.S.C. §§ 401-33.