

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2005

# McDaniels v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3267

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McDaniels v. Comm Social Security" (2005). *2005 Decisions.* Paper 1030.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1030

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3267

BERTHINA C. McDANIELS,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

District Court No. 03-cv-00190
District Court Judge: The Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2005

Before: SCIRICA, Chief Judge, ALITO and GARTH, Circuit Judges

(Opinion Filed: June 10, 2005)

OPINION OF THE COURT

PER CURIAM:

Because we write for the parties only, we will not recite the facts of this case.

Berthina McDaniels appeals a final order of the District Court affirming a decision of the

Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons that follow, we affirm.

I.

When review is denied by the Appeals Council, this Court reviews the decision of the Administrative Law Judge ("ALJ") as the final decision of the Commissioner. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's application of the law receives plenary review. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1191 (3d Cir. 1986). Findings of fact are reviewed for substantial evidence. See 42 U.S.C. § 405(g) (2000) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Under the substantial evidence standard, the Commissioner's decision must be upheld if it is supported on the record as a whole by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Monsour Med. Ctr., 806 F.2d at 1190 (internal quotation marks omitted). The evidence "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict." Id. (internal quotation marks omitted).

II.

To be eligible for DIB and SSI, a claimant must establish that she is unable "to

2

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2000); see also id. § 1382c(a)(3)(A). Applications for benefits are evaluated under the five-step process of 20 C.F.R. §§ 404.1520 and 416.920. The evaluation considers (1) whether the claimant is working, (2) whether she has a severe impairment, (3) whether her severe impairment meets or medically equals a listed impairment, (4) whether she has the residual functional capacity to return to past relevant work, and (5) whether she can make an adjustment to other available work. See Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004); Matthews, 239 F.3d at 589 n.1.

McDaniels challenges the Commissioner's decision at the third and fourth steps of the inquiry. She first argues that the ALJ offered no evidence for his finding that her impairments failed to meet or equal a listed impairment. She then argues that the ALJ's decision failed to consider probative medical evidence. Finally, she argues that the ALJ misapplied the Commissioner's regulations in evaluating her subjective complaints of pain. We discuss these arguments in turn.

### A.

McDaniels characterizes the ALJ's third step determination as "almost a word-for-word copy of the exact analysis rejected" in Burnett v. Commissioner of Social Security Administration, 220 F.3d 112 (3d Cir. 2000). McDaniels's Br. at 9. Although the

3

wording of the two decisions is similar, this Court in Jones v. Barnhart made clear that the "particular language" or "format" of the Commissioner's decision should not be given talismanic significance. 364 F.3d 501, 505 (3d Cir. 2004). The relevant inquiry is whether "there is sufficient development of the record and explanation of findings to permit meaningful review." Id. The ALJ's analysis in Jones, though even terser than the analysis in Burnett, passed muster because "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion" under review. Id.

Under the rule of Burnett as explained in Jones, the ALJ's decision at the third step is supported by substantial evidence. The ALJ focused on the listings pertinent to the musculoskeletal system, and we agree with the Commissioner that the only relevant listing is section 1.04. The listed impairment requires evidence of sensory or reflex loss, spinal arachnoiditis, or an inability to ambulate effectively. See 20 C.F.R. ch. III, pt. 404, subpt. P, app. 1, § 1.04(A)-(C). McDaniels reported only numbness in her left hand, not sensory or reflex loss. See Record at 117. She was never diagnosed with spinal arachnoiditis. With the exception of her fractured ankle, which was not expected to impair her for more than twelve months, she could ambulate effectively. See id. ("Her gait was normal."). Substantial evidence thus supports the ALJ's finding that McDaniels's impairments did not meet or medically equal a listed impairment.

4

B.

McDaniels argues that the ALJ's assessment of her residual functional capacity ignored probative evidence and was without foundation, but she can point to little evidence that the ALJ actually overlooked or improperly considered. Contrary to her claim that the ALJ "concede[d] only that appellant has cervical disc disease and a lumbar strain," McDaniels's Br. at 12, the ALJ found that "[t]he objective evidence from 1997 revealed a herniated disc at C5-6." Record at 14. His finding that she could occasionally lift fifty pounds and frequently lift twenty-five pounds finds support in the report of Dr. Miranda. The ALJ gave Dr. Miranda's report "great weight" because it was "uncontradicted" and "fully consistent with the evidence of record."[1] Record at 15. According to McDaniels, her past relevant work as a security guard did not require lifting anywhere near fifty pounds and frequently required lifting less than ten pounds. See Record at 68. The ALJ's finding that her back and neck pain would not prevent her from performing this work is supported by substantial evidence.

McDaniels appears to misunderstand the ALJ's finding with respect to her trimalleolar fracture. Contrary to the imputation of her brief, the ALJ never found that the fracture was insufficiently severe to "impede some aspect of the ability to perform one of the basic work-related functions." McDaniels's Br. at 16. Rather, he found that the

---

[1] In fact, McDaniels herself contradicted the report when she averred that she "can't lift anything" and "can't bend." Record at 67. As we explain below, substantial evidence supports the ALJ's finding that McDaniels had overstated her impairments.

fracture would not disable her for more than twelve months. See Record at 16 (finding that the fracture was "not documented as a severe impairment expected to meet the durational requirement" (emphasis added)).

This finding is supported by substantial evidence. Dr. Rossini reported that her fracture was responding well to treatment and would disable her for less than a year. See Record at 171. The ALJ left the record open so that McDaniels could submit further evidence, but none was forthcoming. In light of Dr. Rossini's unrebutted report and the remaining evidence of record, a reasonable fact finder could easily find that McDaniels's fracture would not limit her for more than twelve months.

C.

McDaniels's argument that the ALJ did not properly consider her subjective complaints of pain is meritless. Far from ignoring her testimony, the ALJ clearly found that McDaniels "experiences some pain." Record at 15. The ALJ also found, however, that the remaining evidence of record was "inconsistent with an individual with the degree of neck and back pain alleged." Id. This decision was made in light of McDaniels's daily activities, the medicine she took, and the treatment she received. In other words, the ALJ considered the very factors in Social Security Ruling 88-13 that McDaniels claims he ignored. See 20 C.F.R. § 404.1529.

Substantial evidence supports the ALJ's finding that McDaniels's pain was not disabling. Even in the immediate aftermath of her automobile accident, she never sought

6

chiropractic treatment more than once a month.  She responded well to epidural steroid injections and physical therapy, reporting significant improvements in her back and neck. See Record at 121, 150.  Percocet reduced her pain without serious side effects.  Despite her testimony that she could sit for only 15 to 20 minutes at a time and could not walk even half a block, her pain did not stop her from walking down the catwalk in a charity fashion show.  In short, the record contains evidence that McDaniels suffered significant pain, but it does not compel the finding that her pain, when properly treated, was disabling.

III.

After careful consideration of McDaniels's claims, we conclude that substantial evidence supports the Commissioner's finding that she was not disabled.  The decision of the District Court, which reached the same conclusion, is affirmed.

7