

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2007

# Plaza v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3555

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Plaza v. Comm Social Security" (2007). *2007 Decisions*. Paper 1580.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1580

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3555
_____

JEFFREY PLAZA,
Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER SOCIAL SECURITY
_____
On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00203)
District Judge: Honorable Maurice B. Cohill, Jr.
_____


Submitted Under Third Circuit LAR 34.1(a)
February 15, 2007

Before: Fisher, Aldisert and Weis, Circuit Judges.

(Filed:  February 22, 2007)


_____


OPINION
_____


PER CURIAM

       Jeffrey E. Plaza appeals the decision of the United States District Court for the

Western District of Pennsylvania entering summary judgment in favor of the

Commissioner of Social Security regarding Plaza's application for benefits.  We will

affirm.

Because the background is familiar to the parties, we will not discuss it at length. On September 22, 1995, Jeffrey E. Plaza applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1382f (the "Act"). His application was denied at the initial and reconsideration levels of review. After a hearing, an Administrative Law Judge ("ALJ") determined that Plaza was not disabled within the meaning of the Act and, therefore, denied the application for benefits. While his request for review was pending with the Appeals Council, on June 2, 1998, Plaza filed new applications for DIB and SSI. The Appeals Council remanded the case for further consideration and consolidated the 1995 and 1998 applications. The ALJ held a hearing on the applications. Plaza, then represented by counsel, formally amended his claims to request a closed period of disability from July 7, 1995 to April 29, 1999, as he had returned to work as of the latter date. By decision dated July 27, 2000, the ALJ found that Plaza was not disabled and denied the application for benefits. The ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g) when the Appeals Council denied Plaza's request for review on May 7, 2004. See 20 C.F.R. § 416.1481.

Plaza filed a civil action in the District Court,[1] seeking judicial review of the Commissioner's final decision. Upon consideration of the parties' cross-motions for

---

[1] The administrative record indicates that, by letter dated June 3, 2005, the Appeals Council extended the time for Plaza to file a civil action. Evidently, Plaza did not receive notice of the Appeals Council's May 7, 2004 action.

summary judgment, the District Court denied Plaza's motion for summary judgment, granted the Commissioner's motion for summary judgment, and entered judgment in favor of the Commissioner. Plaza appeals *pro se.*

Our review of the Commissioner's final decision is based upon the certified transcript of the record of proceedings. 42 U.S.C. § 405(g). We will uphold the decision if it is supported by substantial evidence in the record, even if we would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Pierce v. Underwood, 487 U.S. 552 (1988)).

Under the Act, the term "disability" is an inability to engage in any substantial gainful activity due to a medically determinable physical or mental impairment. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The inability to engage in substantial gainful activity must be expected to result in death or to last for a continuous period of at least twelve months. Id. Further, the impairment must be so severe that the claimant is not only unable to do his previous work but cannot engage in any other kind of substantial gainful work that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The ALJ evaluated Plaza's applications for benefits under a five-step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.920. Within that process, the ALJ found that the medical evidence did not support a finding of any severe physical impairment or any

3

exertional limitations.[2] The ALJ also found that, during the relevant time frame, Plaza had paranoid delusional disorder, an impairment that was severe but did not meet or equal the criteria of any of the impairments listed in Appendix 1 of the applicable regulations (20 C.F.R., Part 404, Subpart P). In so determining, the ALJ considered the medical documentation within the closed period from July 7, 1995 to April 29, 1999, and the findings of several doctors (including Dr. Newton, Dr. McNamara, Dr. Singh, and Dr. Freeman) and a psychologist (Mr. Sekula). Next, in considering Plaza's residual functional capacity, the ALJ considered the record evidence and Plaza's testimony. The ALJ found that Plaza was able to perform simple, routine, repetitive tasks involving minimal contact with the public and with co-workers, but that Plaza was unable to perform his past relevant work, which included positions as a dishwasher and a lifeguard.

At step five of the sequential evaluation, the ALJ noted that the burden of proof shifted to the Social Security Administration to show that there were jobs in significant numbers in the national economy to which Plaza was able to make a successful vocational adjustment considering his age, education, work experience, and residual functional capacity. The ALJ considered the Medical Vocational Guidelines of the regulations, 20 C.F.R., Subpart P, Appendix 2, in addition to testimony by a vocational expert. The

_____

[2] Plaza did not contest this finding in District Court, and he does not contest it on appeal.

4

ALJ found that, given Plaza's status as a "younger individual"[3] with a high school education and unskilled work experience, he was capable of making a successful vocational adjustment to work that exists in significant numbers in the national economy, including employment as a hand packer, bench assembly person, or janitorial worker. The ALJ thus concluded that Plaza was not disabled and denied Plaza's claim for benefits for the closed period from July 7, 1995 to April 29, 1999.

On appeal, Plaza contests the ALJ's decision, contending that it was incorrectly based on "national economy" instead of on disability. As explained above, applying the applicable statutes and regulations, it was entirely proper for the ALJ to consider whether Plaza is able to engage in any other substantial gainful work that exists in the national economy, in consideration of his age, education, and work experience.

In addition, Plaza asserts that he is now receiving disability payments for a subsequent time period. Apparently, based on the successful outcome of a later application to the agency, he contends that benefits should now be awarded for the closed period in this case. He states that his condition has worsened, prompting his reapplication for benefits, and he lists the medications he has been prescribed for his condition. However, Plaza refers to a matter that post-dates the relevant time period and was not part of the record before the ALJ in this case. We cannot consider this matter as part of our review. Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) (evidence not presented to

---

[3] Plaza was born on June 20, 1968. He was age twenty-seven to thirty during the closed period from July 7, 1995 to April 29, 1999.

the ALJ "cannot be used to argue that the ALJ's decision was not supported by substantial evidence") (internal citations omitted).

Further, Plaza was not entitled to a remand under 42 U.S.C. § 405(g) to the Commissioner for consideration of this matter as new evidence. A favorable decision on an application for a later time period plainly does not relate to Plaza's condition during the time period at issue in this case. See Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984) (new evidence must relate to the period for which benefits were denied and not relate to a later-acquired disability or a later deterioration of a condition previously found to be non-disabling). For similar reasons, Plaza was not entitled to a section 405(g) remand for consideration of a letter dated August 4, 2000 by Dr. Evans. As noted by the District Court, this letter post-dates the relevant time period at issue, and the opinion expressed in the letter is at odds with the record medical evidence. We discern no error by the District Court.

For the foregoing reasons, and upon consideration of the record and the parties' briefs, we will affirm the order of the District Court granting summary judgment in favor of the Commissioner of Social Security.