**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4471
_____

BRENDA LEE SENEY,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-12-cv-01706)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2014
Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: September 26, 2014)
_____

OPINION
_____

PER CURIAM

       Brenda Lee Seney, proceeding pro se and in forma pauperis, appeals from the

order of the United States District Court for the District of Delaware denying her motion

for summary judgment and granting summary judgment in favor of the Commissioner of

Social Security ("Commissioner").  In its decision, the District Court determined that

substantial evidence supported the Administrative Law Judge's ("ALJ") denial of Seney's application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). We will affirm for substantially the same reasons set forth in the District Court's opinion.

I.

In June 2009, Seney applied for DIB and SSI. Seney alleged that she was disabled due to symptoms associated with multiple sclerosis ("MS"), which began in October 2007 when she was 35 years old. After the diagnosis, Seney began therapy and treatment. Prior to the onset of the alleged disability, Seney, a high school graduate, held a variety jobs including as a warehouse worker, fast food worker, and a cleaner. The ALJ held a hearing, during which documentary evidence of Seney's health was presented. Seney, her spouse, and a vocational expert testified at the hearing.[1]

In her decision, the ALJ performed the five-step, sequential analysis for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(a), 416.920(a); see also Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003). The ALJ determined: (1) Seney was not engaged in substantial gainful activity since the alleged onset date; (2) Seney had severe impairments; (3) Seney did not have an impairment or combination of impairments that was the same or equivalent to an impairment listed by the Social Security Administration as presumptively precluding any gainful activity; (4) Seney was

---

[1] The District Court fully summarized the evidence and testimony presented during the hearing. See Seney v. Colvin, 982 F. Supp. 2d 345, 348-53 (D. Del. 2013).

unable to perform her past relevant work; and (5) Seney possessed sufficient residual functional capacity to perform other available jobs in the national economy. Consequently, the ALJ concluded that Seney was not disabled from October 2007 through the date of the decision.

The Appeals Council denied Seney's request to review the ALJ's decision, making that decision the final decision of the Commissioner. In December 2012, Seney filed an action in the District Court seeking review of the Commissioner's decision denying her claim for DIB and SSI. The parties filed cross-motions for summary judgment, and the District Court granted summary judgment in favor of the Commissioner. Seney timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the ALJ's legal conclusions and review the factual findings for substantial evidence. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is "'more than a mere scintilla,'" and is defined as "'such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). If the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

3

Seney first argues that the ALJ did not sufficiently credit the opinions of her treating physicians. While an ALJ must generally give great weight to a claimant's treating physician, an ALJ may discredit the treating physician's opinion if other evidence contradicts it. 20 C.F.R. §§ 404.1527(c), 416.927(c); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000); see also Chandler, 667 F.3d at 361. Here, it was appropriate for the ALJ to discredit portions of the opinions of Seney's treating physicians. In particular, Dr. Lee Dresser's opinion that Seney could stand or walk for only less than two hours in an eight-hour day and was incapable of low stress jobs, was not supported by objective medical evidence. Evidence showed that Seney's MS had improved with treatment and that she was free from various symptoms, including weakness, numbness, and balance problems. Dr. Dresser's own notes from treatment indicated a fair prognosis, observing that Seney had near-normal strength in her lower extremities and a stable gait. The ALJ fully credited Dr. Dresser's opinion that Seney could sit for six hours in an eight-hour day because the medical evidence supported that opinion.

Dr. Fucci's opinion, presented in the form of a written prescription, stated that Seney had MS, that her condition was worsening, and that she would need to be out of work. This opinion was also appropriately discredited. Principally, there were no medical records or notes of treatment indicating how Dr. Fucci had arrived at his opinion, and it was contrary to the evidence showing that Seney was responding positively to

treatment.  Accordingly, substantial evidence supports the ALJ's conclusion that the opinions of Dr. Dresser and Dr. Fucci were not wholly substantiated.

Next, Seney argues that the ALJ did not sufficiently credit her subjective complaints of disabling symptoms.  In determining whether a claimant is disabled, the Commissioner considers "all . . . symptoms, including pain, and the extent to which [these] symptoms can reasonably be accepted as consistent with objective medical evidence . . . ."  20 C.F.R. §§ 404.1529(a), 416.929(a).  When evaluating subjective complaints of disabling symptoms, the ALJ must assess the persistence and intensity of the claimant's pain as well as the extent to which it impairs her ability to work.  20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).  Allegations of disabling symptoms must be consistent with objective medical evidence, and the ALJ must explain why any allegations were rejected.  See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000).

The ALJ first determined that Seney had a medical impairment that could reasonably be expected to produce pain and other symptoms.  However, during the second step of the inquiry, the ALJ determined that Seney could perform a range of sedentary work despite her symptoms.  In reaching this conclusion, the ALJ considered the treatment needed for Seney's condition, see 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v); the positive results from that treatment, the medication that she was taking, and its side effects, see 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); her ability to perform many daily functions, including managing her own personal care, cooking, childcare, cleaning, and shopping, see 20 C.F.R. §§ 404.1529(c)(3)(i),

5

416.929(c)(3)(i); and the opinions of three state agency physicians who concluded that she had a range of limitations on her ability to work but that she could ultimately perform sedentary work. See Hartranft, 181 F.3d at 362. Consequently, the ALJ's decision to not credit Seney's allegations of disabling pain and other symptoms is supported by substantial evidence.

Seney also argues that the ALJ did not properly consider the vocational expert's testimony. In particular, Seney contends that the ALJ's conclusion was contrary to the vocational expert's response to a hypothetical question. ALJs routinely pose hypothetical questions to vocational experts in order to determine a claimant's ability to perform alternative employment. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 205-06 (3d Cir. 2008). "'While the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments.'" Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) (quoting Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)). The ALJ asked the vocational expert two hypothetical questions. The first hypothetical question did not include all of Seney's allegations of disabling symptoms and posited that the individual could stand and walk in excess of two hours in an eight-hour workday and that she could sit for six hours in a workday. In response to that question, the vocational expert concluded that the hypothetical individual could perform alternative work. The second hypothetical question included all of

Seney's allegations of disabling symptoms. In that case, the vocational expert responded that the individual could not perform alternative work. While Seney contends that the ALJ should credit the vocational expert's response to the second hypothetical, the ALJ properly did not rely on that response because it included allegations of disabling symptoms that, for the reasons discussed above, were not credibly established. Cf. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).

Seney alleges that her condition has worsened since her hearing. However, those new allegations are immaterial to the ALJ's determination that Seney was not disabled from October 2007 until the time of her hearing, and we are unable to review them. Cf. Matthews v. Apfel, 239 F.3d 589, 592-93 (3d Cir. 2001); see also 42 U.S.C. § 405(g).

IV.

For the foregoing reasons, we will affirm the decision of the District Court that the ALJ's determination is supported by substantial evidence.