BLD-047                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3392
_____

RAID ELFADLY,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-13-cv-03164)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 25, 2014

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 10, 2014)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Proceeding pro se and in forma pauperis, Raid Elfadly appeals from the judgment of the District Court affirming the denial of his claim for disability benefits. For the reasons set forth below, we will summarily affirm.

I.

In February 2010, Elfadly applied for disability insurance benefits and supplemental security income. Elfadly alleged that he suffers from depression, diabetes, hypertension, anxiety, and coronary artery disease. His claims were denied initially in August 2010, and Elfadly requested review by an Administrative Law Judge ("ALJ"). Elfadly had a hearing on his claim in August 2011, at which he was represented by counsel. The ALJ then called a supplemental hearing in February 2012 to hear additional testimony from a medical expert. In March 2012, the ALJ denied Elfadly's claims in a written opinion, and the Appeals Council denied Elfadly's request for review.

Elfadly and his counsel then sought review in the United States District Court for the District of New Jersey. Elfadly argued three points of error: (1) the ALJ failed to give his treating cardiologist's opinion controlling weight and failed to consider the necessary factors when giving a treating source less than controlling weight; (2) the ALJ erred by finding that Elfadly's mental impairments are non-severe; and (3) the ALJ failed to properly evaluate Elfadly's credibility. The District Court rejected these arguments and affirmed the ALJ's decision. Elfadly then filed a timely notice of appeal pro se and a motion for appointment of counsel.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. "The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate." Plummer, 186 F.3d at 427 (internal quotation marks omitted); accord Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). If the ALJ's factual findings are supported by substantial evidence, we, like the District Court, are bound by those findings, even if we would have decided them differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

To qualify for disability benefits, an applicant must demonstrate that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Further, the applicant's physical or mental impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B).

A five-step evaluation is used to determine whether an applicant is disabled. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the applicant has engaged in

substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments; (3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform past relevant work; and (5) whether the applicant is capable of performing other jobs that exist in the national economy, considering his age, education, work experience, and residual functional capacity. Id. § 404.1520(a)(4); Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91-92 (3d Cir. 2007). However, if the ALJ determines that an applicant is not disabled before proceeding through all five steps, he need not analyze the remaining steps. 20 C.F.R. § 404.1520(a)(4).

The ALJ thoroughly evaluated Elfadly's claims against the record evidence, including testimony from Elfadly, a vocational expert, and a medical expert, as well opinions from consultative examiners and Elfadly's treating cardiologist. The ALJ concluded that: (1) Elfadly had not engaged in substantial gainful activity since his alleged onset date; (2) Elfadly's coronary artery disease was a severe impairment, but his other physical and mental impairments were not severe; (3) Elfadly did not have an impairment or combination of impairments that met the criteria of a listed impairment; and (4) Elfadly had the residual functional capacity to perform his past work as a dispatcher. As such, Elfadly was not disabled, and the ALJ denied his claims.

The District Court affirmed the ALJ in a thorough opinion with detailed citation to the record, rejecting Elfadly's three arguments in turn. First, Elfadly's argument that his

4

mental impairments were severe failed because the ALJ properly relied on the contrary opinions of psychiatric and psychological experts and the lack of treating mental health records. Next, the District Court found that the ALJ properly declined to give controlling weight to Elfadly's treating physician's opinion because it was inconsistent with substantial evidence in the record and, indeed, had its own internal inconsistencies. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 202 (3d Cir. 2008). The ALJ also considered the appropriate factors in determining the weight given to Elfadly's treating physician's opinion and adequately explained this analysis. See Fargnoli v. Massanari, 247 F.3d 34, 43-44 (3d Cir. 2001); 20 C.F.R. § 404.1527(c). Finally, the District Court held that the ALJ evaluated Elfadly's credibility under the relevant factors and properly relied on the opinions of medical experts in finding some of Elfadly's testimony not credible. See 20 C.F.R. § 404.1529(c).

We agree with the District Court's analysis and find that the ALJ's decision is supported by substantial evidence. Elfadly asks this Court to reconsider his case because his symptoms are ongoing. He notes that he had additional complications in November 2013 and July 2014, and that in September 2014 he was approved for home care. These post-decision developments, however, do not undermine the ALJ's conclusions because "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Elfadly offers no other basis for reversal or remand, and our review of the record reveals none.

III.

In sum, we agree with the District Court that the ALJ's decision is supported by substantial evidence. Because no substantial question is presented on appeal, we will summarily affirm the District Court's judgment. In light of our disposition, Elfadly's motion for appointment of counsel is denied as moot.