**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3120
_____

JOHN J. GABRYS, JR.,
Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-06099)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: November 2, 2015 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Proceeding pro se and in forma pauperis, John Gabrys appeals from the judgment of the District Court affirming the denial of his claim for disability benefits. For the reasons set forth below, we will affirm.

I.

In March 2011, Gabrys applied for disability insurance benefits, alleging that he was disabled as of February 2010, when he was severely injured at work. Gabrys suffers from extreme back pain and other symptoms. His first disability claim was denied initially and on reconsideration. Gabrys then requested review by an Administrative Law Judge ("ALJ"), and in January 2012 he had a hearing on his claim, at which he was represented by counsel. On February 9, 2012, the ALJ denied Gabrys's claim in a written opinion, and the Appeals Council later denied Gabrys's request for review.

Gabrys then sought review pro se in the United States District Court for the Eastern District of Pennsylvania. While his federal action was pending, Gabrys prevailed on a separate disability benefits claim, but this claim applied only to the period after the ALJ denied his first claim, that is, February 10, 2012, onward. Gabrys argued that this later award of disability benefits showed that he should have prevailed in his first claim. The District Court rejected this argument and denied Gabrys's claim and his request for reconsideration. Gabrys timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." Plummer v. Apfel, 186 F.3d 422, 427

(3d Cir. 1999); 42 U.S.C. § 405(g).  Substantial evidence is "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate."  Plummer, 186 F.3d at 427 (quotation marks omitted); accord Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).  If the ALJ's factual findings are supported by substantial evidence, we, like the District Court, are bound by those findings, even if we would have decided them differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

To qualify for disability benefits, an applicant must demonstrate that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Further, the applicant's physical or mental impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  Id. § 1382c(a)(3)(B).

A five-step evaluation is used to determine whether an applicant is disabled.  20 C.F.R. § 404.1520.  The ALJ must determine: (1) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments; (3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform past relevant work; and (5) whether the applicant is capable of

3

performing other jobs that exist in the national economy, considering his age, education, work experience, and residual functional capacity.  Id. § 404.1520(a)(4); Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91-92 (3d Cir. 2007).  However, if the ALJ determines that an applicant is not disabled before proceeding through all five steps, he need not analyze the remaining steps.  20 C.F.R. § 404.1520(a)(4).

The ALJ thoroughly evaluated Gabrys's claim against the record evidence and concluded that Gabrys was not disabled within the meaning of the Social Security Act. Specifically, the ALJ concluded that: (1) Gabrys had not engaged in substantial gainful activity since his alleged onset date; (2) Gabrys's degenerative disc disease and carpal tunnel syndrome were severe impairments, but his other physical and mental impairments were not severe; (3) Gabrys did not have an impairment or combination of impairments that met the criteria of a listed impairment; (4) Gabrys had the residual functional capacity to perform light work with the option to sit or stand, but was unable to perform any past relevant work; and (5) Gabrys was able to perform jobs that exist in significant numbers in the national economy.  As such, the ALJ denied his disability claim.

In his appellate brief and reply, Gabrys does not challenge any of the ALJ's specific findings or procedures.  Rather, he argues, as he did in the District Court, that because he prevailed in a later disability claim, he should have prevailed in his first claim.  This argument fails because our review is limited to the evidence in the record at the time the ALJ rendered his decision.  See 42 U.S.C. § 405(g).  As such, post-decision developments, including subsequent disability awards, do not undermine the ALJ's conclusions because "evidence that was not before the ALJ cannot be used to argue that

4

the ALJ's decision was not supported by substantial evidence." <u>Matthews v. Apfel</u>, 239 F.3d 589, 594 (3d Cir. 2001). Further, as the Commissioner notes, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620 (1966). Accordingly, Gabrys's reliance on his subsequent disability award, without more, does not undermine the ALJ's decision.

## III.

Gabrys offers no other basis to conclude that the ALJ's decision is not supported by substantial evidence, and our review of the record reveals none. We will therefore affirm the judgment of the District Court. In light of our disposition, Gabrys's motions for appointment of counsel are denied as moot.