**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1956
_____

KWAKU APPAU,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-16415)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: February 18, 2021)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Kwaku Appau appeals from the District Court's order affirming

the final decision of the Commissioner of the Social Security Administration

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

("Commissioner") denying Appau's request for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act. For the reasons set forth below, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In October 2015, Appau filed a claim for DIB and SSI, alleging disability beginning in November 2013 based on ailments that stem from two incidents. First, in 2008, Appau fell down a stairway and suffered injuries to his neck and back, including a non-displaced fracture in the cervical spine and soft tissue swelling. He returned to work and continued working into 2013. The second incident occurred on November 15, 2013, when Appau was hit in the head by a wooden plank while at work. He sought emergency room treatment the next day, and he was initially diagnosed with a concussion and an acute cervical strain. Since then, Appau has received a vast array of medical treatments, maintaining that he suffers from intense and limiting pain related to his neck and back injuries, foraminal stenosis of the C-spine, cervical spondylosis, neck arthritis, a heart murmur, and hypertension. Appau has not returned to full time work since November 2013.

The Administrative Law Judge (ALJ) issued a decision on February 26, 2018, finding that Appau was not disabled and not entitled to benefits. In rendering the decision, the ALJ applied the five-step sequential evaluation process for determining disability. See 20 C.F.R. § 404.1520(a) and § 416.920(a); Jones v. Barnhart, 364 F.3d

501, 503 (3d Cir. 2004).[1] The ALJ determined, at step four, that Appau had limitations but retained the residual functional capacity to perform a range of "light work." See generally 20 C.F.R. § 404.1567(b). At step five, the ALJ concluded that Appau is not disabled because he is capable of performing jobs that exist in the national economy, considering his age, education, work experience, and residual functional capacity.

Appau requested review of the ALJ's decision, which the Appeals Council denied. Appau then commenced an action in the District Court seeking review of the Commissioner's final decision. The District Court affirmed, concluding that the ALJ's decision is supported by substantial evidence and that new evidence submitted by Appau did not warrant a remand. This appeal ensued.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). "Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotation marks and

---

[1] The Commissioner must determine: (1) whether the applicant has engaged in substantial gainful activity since the alleged disability onset date; (2) whether the applicant has a severe impairment or combination of impairments; (3) whether the impairment or combination of impairments meets the criteria of a listed impairment; (4) whether, despite the severe impairment, the applicant retains the residual functional capacity to perform her past relevant work; and (5) whether the applicant is capable of performing other jobs that exist in the national economy, considering his age, education, work experience, and residual functional capacity. See 20 C.F.R. § 404.1520(a)(4).

citation omitted). "It is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. (quotation marks and citation omitted).

III.

We agree with the District Court's analysis and its conclusion that the ALJ's findings were supported by substantial evidence. The ALJ conducted a thorough review of the medical records and opinions, including, among other things: the records from the emergency room visit in November 2013; an MRI from December 2013; a chiropractor's opinions from December 2013 through June 2014; pain management treatment by Dr. Levinstein from January 2014 through January 2015; independent medical evaluations by Dr. Menio in January 2014 and by Dr. Gupta in May 2014; state disability consultative examinations by Dr. Monfared in January 2016; and evaluations by Drs. Sakr, Grubb, and Garcia in 2017. The ALJ properly explained his reasons for the weight that he gave to each physician's opinion, considering factors such as the physician's relationship with Appau, whether the physician had knowledge of the DIB and SSI programs, the degree of consistency with the medical evidence, the portion of the record considered by the physician, and whether the opinion contained a function-by-function analysis. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) ( "An ALJ must explain the weight given to physician opinions and the degree to which a claimant's testimony is credited.").

The ALJ's determination that Appau retained the residual functional capacity to perform a range of "light work" is supported by substantial evidence, as it is consistent

with the significant weight that the ALJ properly accorded to the opinions of Drs. Levinstein and Monfared, who each opined that Appau could perform light exertional work. The ALJ carefully considered Appau's testimony regarding his limitations and properly gave that testimony significant weight, as the ALJ disagreed with the opinions of Drs. Menio and Gupta, who each opined that Appau would be able to perform his past heavy work as a materials handler. At the same time, the ALJ's decision to credit some of the medical opinions over Appau's testimony is supported by substantial evidence, as Appau testified that he lives alone, cooks for himself, goes to the library, socializes with friends, and is able to drive short distances. See Chandler, 667 F.3d at 363 (ALJ's decision to credit medical opinions over claimant's testimony was supported by substantial evidence where claimant "had reported extreme pain to doctors and claimed that she had to lie down most of the day, but she also testified that she managed to shop several times per week, cook dinner, care for her two children, and visit with friends").

To the extent that any physician's opinion suggested that Appau could not perform light work, such an opinion "does not bind the ALJ on the issue of functional capacity." Id. at 361 (quoting Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011)). In particular, while Dr. Garcia opined that Appau's hypertension and cervical radiculopathy limits his ability to work, the ALJ properly gave less weight to that opinion because it did not contain a function-by-function analysis and because it was rendered for purposes of public assistance employability programs that have different standards than the DIB and SSI programs.

5

The ALJ's determination that Appau is capable of performing jobs that exist in the national economy is also supported by substantial evidence. A vocational expert confirmed that a hypothetical individual of Appau's vocational profile and residual functional capacity could perform various representative jobs, including information clerk, counter clerk, and document preparer. See generally Zirnsak v. Colvin, 777 F.3d 607, 616 (3d Cir. 2014).

We also agree with the District Court's determination that a remand is not required based on the new evidence that Appau submitted after the ALJ issued his decision. Pursuant to "Sentence Six" of 42 U.S.C. § 405(g), "when the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ (Sentence Six review)." Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001); see also id. at 591 (applying plenary review to legal questions presented by a district court's application of Sentence Six review). Since the ALJ issued his decision, Appau has submitted an array of new medical records and opinions, including: 2018 and 2019 MRIs; examination reports provided to the Middlesex County Board of Social Services; an opinion from Dr. Varela, a pain management doctor, regarding Appau's current condition as of February 2019; and letters from Dr. Barbara Edwards, who began treating Appau in November 2018.

While most of that evidence is new, none of it is material. The majority of the evidence relates to Appau's condition after the ALJ rendered his opinion, rather than the

6

time period for which benefits were denied.  See Szubak v. Sec'y of Health & Hum. Servs., 745 F.2d 831, 833 (3d Cir. 1984) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.").  To the extent that the new opinions discuss Appau's condition during the relevant time period, the opinions acknowledge that the results from the most recent MRIs and medical testing are similar to the results from Appau's prior testing, including his 2013 MRI.  Thus, Appau has not established a reasonable probability that the new evidence would have changed the ALJ's decision.  See id. ("[T]he materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination.").

Accordingly, we will affirm the judgment of the District Court.