**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1159
_____

JONATHAN VALENTIN,
                              Appellant

v.

COMMISSIONER SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-20-cv-05239)
Magistrate Judge:  Honorable Richard A. Lloret

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 7, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 9, 2024)
_____

OPINION*
_____

PER CURIAM

    Jonathan Valentin, proceeding pro se, appeals a District Court order affirming an

Administrative Law Judge's decision denying his application for social security disability

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

insurance benefits. For the reasons that follow, we will affirm the judgment of the District Court.

Valentin applied for disability insurance benefits in 2017 due to neck, shoulder, back, and knee pain. After benefits were denied at the initial level of review, Valentin had a hearing before an ALJ. Valentin, who was represented by counsel, and a vocational expert testified. The ALJ ruled that Valentin was not disabled from May 30, 2017, the alleged disability onset date, through September 30, 2017, the date he was last insured for disability benefits.

The ALJ applied the five-step analysis under the regulations to determine whether Valentin was disabled. See Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201-02 (3d Cir. 2019) (setting forth steps). The ALJ found that: (1) Valentin had not engaged in substantial gainful activity from May 30 through September 30, 2017; (2) he had two severe impairments – cervical myofascial pain syndrome and cervical disc disorder with radiculopathy; (3) his impairments did not meet or medically equal the severity of a listed impairment in the regulations; (4) he was unable to perform his past relevant work but had the residual functional capacity to perform certain sedentary work; and (5) he could have adjusted to other work that existed in significant numbers in the national economy.

The Appeals Council denied Valentin's request for review. Valentin sought judicial review by filing a complaint in the District Court. The District Court found that the ALJ's decision accounted for all of the evidence, was soundly reasoned, and was free from legal error. It affirmed the decision and entered a judgment in favor of the Commissioner. Valentin appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]  Because the Appeals Council denied Valentin's request for review, the ALJ's decision is the Commissioner's final decision.  Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001).  We review the Commissioner's factual findings for "substantial evidence," which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019) (internal quotation marks and citations omitted).  We may not re-weigh the evidence or impose our own factual determinations.  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

Valentin disputes the ALJ's step three determination – that he did not have impairments that met or medically equaled the severity of a listed impairment in the regulations.  As the District Court stated, the listing for spinal disorders at the time of Valentin's claim required the compromise of a nerve root or the spinal cord as well as other findings.  See 20 C.F.R. Pt. 404, Subpt. P. App. 1 (2017).  The ALJ explained, based on the record, that Valentin's diagnostic imaging showed no nerve root or cord compression.  See Admin. Record at 325.  The ALJ also found no indication that Valentin suffered the requisite sensory or reflex loss and stated that Valentin had no abnormalities in strength or gait as of August 2017 and no focal neurological deficits.  ALJ Dec. at 4.  Valentin has not shown that substantial evidence fails to support the ALJ's step three determination.

---

[1] We have jurisdiction where, as here, the parties consented to adjudication by a Magistrate Judge.  See 28 U.S.C.§ 636(c)(1); Burton v. Schamp, 25 F.4th 198, 205 (3d Cir. 2022); see also Roell v. Withrow, 538 U.S. 580, 590 (2003) (holding consent may be implied).

3

Valentin also takes issue with the ALJ's reliance on a medical record noting that he lifted weights five to six times per week. Valentin states that this activity is not disqualifying and is "greatly exaggerated" if even truthful. Appellant's Brief at 20. The ALJ noted this activity in assessing the severity of Valentin's knee pain and his spine impairments. Valentin appears to concede that his knee pain was not a severe impairment. To the extent he contends that the ALJ erred in assessing his spine impairments, any error in relying on Valentin's lifting weights does not provide a basis to disturb the ALJ's decision. This activity was only one of many factors that the ALJ considered. See ALJ Dec. at 7.

Valentin also contends that he was left without vocational rehabilitation services or compensation while he was recovering from his injuries. He sets forth the statute providing for funding for such services, 42 U.S.C. § 422(d). However, as the Commissioner notes, this statute addresses services for disabled persons and the ALJ did not find that Valentin was disabled.[2] Finally, to the extent Valentin argues in his reply brief that the jobs that the vocational expert testified were available to him were not feasible, he has forfeited this argument as he did not raise it in his opening brief. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017).

Accordingly, we will affirm the judgment of the District Court.[3]

---

[2] Valentin states in his brief that he was injured on March 19, 2017. To the extent he disputes the May 30, 2017, alleged onset date of disability used by the ALJ, Valentin's counsel confirmed at the hearing that May 30, 2017, was the correct onset date. The ALJ also considered the medical evidence from March 2017 in his decision.

[3] Valentin's Motion for Appeal Conferences is denied.